Filed 8/6/25  P. v. Corrales CA5
Opinion following transfer from Supreme Court

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ORTEGA CORRALES,<br><br>    Defendant and Appellant. | F083684<br><br>(Super. Ct. No. F21906681)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 2021, a jury convicted appellant Daniel Ortega Corrales of one count of possession or control of child pornography (Pen. Code, § 311.11, subd. (a);[1] count 1). In addition, he was convicted of nine financial crimes involving identity theft and forgery concerning four different victims. The convictions for identity thefts were in counts 2 and 6 under section 530.5, subdivision (a), and in counts 5, 8 and 9 under section 530.5, subdivision (c)(1). The forgery convictions occurred in count 3 under section 475, subdivision (a), and in count 4 under section 470, subdivision (d).[2]

For the possession of child pornography, appellant received an aggravated prison term of three years. In both counts 2 and 6 (identity theft involving different victims), he was sentenced to prison for a consecutive eight months (each was one-third of the subordinate middle term). Concurrent subordinate terms were imposed for the forgery convictions in counts 3 and 4. Appellant's total prison sentence was four years four months.[3]

In 2022, this court affirmed appellant's judgment in a nonpublished opinion. We held that appellant's upper term sentence for the child pornography was not imposed in compliance with Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). However, we concluded that the error was harmless. (*People v. Corrales* (Dec. 15, 2022, F083684) [nonpub. opn.].)

On June 11, 2025, the California Supreme Court directed us to vacate that prior opinion and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     In count 4, the jury found true that a forged document/check was worth more than $950. In count 7, the jury found appellant not guilty of committing identity theft (§ 530.5, subd. (a)). In count 10, appellant was convicted of misdemeanor receiving stolen property (§ 496, subd. (a)). In count 11, he was convicted of misdemeanor identity theft (§ 530.5, subd. (c)(1)).

[3]     In counts 3 and 4, the court imposed concurrent prison terms of eight months.

(*Lynch*)). On July 16, 2025, we vacated our prior opinion. In light of *Lynch*, we now hold that appellant is entitled to resentencing; the record does not "clearly indicate" the trial court would have imposed the same aggravated sentence had it been aware of Senate Bill 567's presumption against the upper term. (*Lynch,* at p. 777.)

Following the Supreme Court's remand, respondent asserts that this appeal is now moot because appellant is no longer in prison custody. Appellant disagrees that this appeal is moot, arguing he may still be on parole, and resentencing could affect the duration or terms of his supervision. Because the record does not establish that appellant has been discharged from all forms of state supervision, and because a resentencing could provide meaningful relief, we conclude the appeal is not moot. We remand for further proceedings.

## **BACKGROUND**

In 2020, law enforcement officers discovered that appellant was in possession of personal financial information belonging to four different victims. None of the four victims ever gave appellant permission to have their personal financial records, such as credit and debit card numbers, checks, and personal identifying information.

During its investigation into the financial crimes, law enforcement discovered images of child erotica and child pornography on appellant's cellular phone. The underaged females depicted in the photographs were as young as five to seven years old, and as old as 14 to 16 years old. In general, the illegal photographs showed the various females displaying their exposed genitals to the camera.

Appellant testified in his own defense. He admitted to the jury that he was a thief, which is how he made his living. He admitted that he had committed identity theft and fraud. He would purchase stolen credit card information over the internet. He explained to the jury how he would use other people's personal identification to conduct fraudulent financial transactions through certain websites.

Although appellant admitted at trial that he had committed the financial crimes, he denied searching for or viewing the child pornography found on his cell phone. He claimed that a friend, Randal, had borrowed his phone. Appellant, however, could not recall Randal's last name.

## DISCUSSION

### I. The Sentence Must be Vacated.

Appellant argues that, in light of Senate Bill 567, a remand for resentencing is now required. We agree.

#### A. *The sentencing record.*

Sentencing occurred in this matter on December 10, 2021. The court stated it had received and reviewed the recommendations from the probation department. In relevant part, the probation department had recommended an upper term sentence in count 1. This recommendation was based largely on appellant's prior convictions, his prior prison term, and his unsatisfactory performance on probation or parole.

In count 1, appellant was convicted of violating section 311.11, which is a "wobbler" offense that can be punished either through a sentence in state prison or for a term in county jail. (*In re H.N.* (2022) 76 Cal.App.5th 962, 967.) At sentencing, the defense asked the court to reduce the conviction in count 1 to a misdemeanor. The defense asserted that appellant had no prior convictions for possession of child pornography. Instead, his prior convictions were for resisting arrest, theft and drug offenses. The defense argued that only nine photographs had been admitted at trial that could be classified as child pornography. Those photos had displayed the victim's genitalia, but the photos had not depicted the children engaged in sexual acts.

In response, the prosecutor asserted that nothing in section 311.11 indicated that the number of child pornography images, or their type, should be considered as a mitigating factor. The prosecutor argued that appellant still had a pending felony

4.

criminal case, and appellant was showing an increase in criminal conduct even when he had outstanding criminal matters pending against him. Appellant continued to engage in the same or similar behavior. The prosecutor contended that no mitigating facts existed, and the prosecutor asked for the aggravated term.

The court stated it did not look only at "a stand-alone charge." Instead, it looked at appellant's "background" and the totality of the circumstances. The court did not find "any reason" to allow appellant to remain on probation rather than receive a prison commitment. The court stated that appellant's testimony had been "quite concerning" because appellant had "blatantly" admitted serious criminal behavior and was "almost bragging about it." The court noted that it appeared appellant was "proud" of his own conduct. The court believed it had been "a proud moment" for appellant to explain to the jurors how he takes victims' personal identifying information, and then abuses those people to ruin their credit ratings. The court told appellant, "Your goal is attempting to take that which is not yours."

The court stated that its decision to not reduce the conviction in count 1 to a misdemeanor was based on how appellant had presented himself on the witness stand. According to the court, appellant did not make a remorseful admission, but, rather, "a proud admission. And that is a telling statement of your behavior and your personality." The court stated that appellant was willing to embrace a criminal lifestyle, which was one reason it was denying the motion to reduce the conviction in count 1 to a misdemeanor.

The court also stated that appellant's "background" caused it to believe that a reduction in count 1 was not appropriate. The court noted that it could not exercise its discretion to reduce count 1 to a misdemeanor just looking at that crime by itself. The court indicated that the law was not focused on the number of illegal images or their severity.

The court stated it was denying the defense's request based on all the evidence that had been presented. The court denied a grant of probation, and it sentenced appellant in count 1 to prison for the aggravated term of three years.

**B.**    *Analysis.*

The sentencing triad for a violation of section 311.11, subdivision (a), is either 16 months in county jail, or two or three years in prison. (§ 1170, subd. (h)(1).) When appellant was sentenced in 2021, section 1170 gave the trial court "broad discretion to select among three terms and impose a sentence that in its judgment served the interests of justice." (*Lynch, supra*, 16 Cal.5th at p. 773.) However, effective January 1, 2022, Senate Bill 567 now places limits on the discretion to impose the upper term. (§ 1170, subd. (b)(1) & (b)(2).)

Section 1170, subdivision (b)(2), now specifies that a sentencing court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Thus, Senate Bill 567 narrowed the trial court's discretion "by creating a presumption against the upper term, which may be overcome only if the required facts are properly proven, and the court concludes that term is justified." (*Lynch, supra*, 16 Cal.5th at p. 773.)

Senate Bill 567 applies retroactively in this case, as it is not yet final on appeal. (See *Lynch, supra*, 16 Cal.5th at p. 749.) *Lynch* holds that, where a sentencing court imposed the upper term under a former version of section 1170, subdivision (b), the sentence must be vacated and the matter remanded for resentencing unless the record "clearly indicate[s] that the court would have found an upper term justified had it been aware of its more limited discretion." (*Lynch,* at p. 743.) More precisely, the record

6.

must "clearly indicate" that the court "would have found aggravating circumstances sufficiently weighty to 'justify' an upward departure from the legislative mandate for no more than a middle term sentence." (*Id.* at p. 777.)

Our high court has cautioned that in applying the "clearly indicates" standard, " 'it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' " (*Lynch, supra*, 16 Cal.5th at p. 776, quoting *People v. Salazar* (2023) 15 Cal.5th 416, 425 (*Salazar*).) "Mere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*Salazar,* at p. 431.) Accordingly, remand for resentencing is generally required unless the sentencing court clearly stated that "it would not impose a lesser sentence under any circumstances" (*Lynch,* at p. 777), or it "announce[d] that it is aware of forthcoming legislation and then explain[ed] how it would exercise its discretion under that legislation." (*Salazar,* at p. 431).

This sentencing record does not provide a clear indication that the trial court would have imposed the upper term had it been aware of its more limited discretion under section 1170 as amended by Senate Bill 567. The trial court made no definitive statements. In imposing the upper term, the trial court never specifically articulated the factors it used to justify its sentencing decision. The court never indicated it would impose an upper term under any circumstances. Accordingly, appellant is entitled to a resentencing pursuant to *Lynch*.

To assist the court and parties on remand, we offer the following guidance from *Lynch*. The People may elect to litigate one or more factors in aggravation. (See *Lynch, supra*, 16 Cal.5th at p. 777.) If one or more of the aggravating circumstances is properly proven in accordance with section 1170, subdivision (b), the trial court "retains its

discretion to impose an upper term sentence if it concludes that one or more …
circumstances justify such a sentence." (*Lynch,* at p. 778.) If the court "cannot so
conclude, it may impose no more than a middle term for each of the counts on which
[appellant] stands convicted." (*Ibid.*)

## II. We Decline to Dismiss This Appeal as Moot.

In a letter dated June 18, 2025, respondent notified this court that appellant is
apparently no longer in prison custody. Respondent asks us to dismiss this appeal as
moot. In contrast, appellant contends we should not dismiss this appeal but remand this
matter for resentencing. According to appellant, resentencing could impact his potential
length of parole, thus providing him with meaningful relief.

We agree with appellant. Under section 3000, subdivision (a)(1), a person
sentenced to a prison term is generally required to serve a period of parole following
release. An appeal is not moot where the defendant remains subject to parole or
postrelease community supervision, and a favorable ruling could affect the duration or
terms of that supervision. (*People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369.)

A judgment is rendered when the trial court orally pronounces the sentence.
(*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) Parole terms are calculated based
on the sentence imposed. (§ 3000, subd. (b)(1); see also *People v. Nuckles* (2013)
56 Cal.4th 601, 609–610.)

In this matter, a reduced sentence may shorten appellant's parole term or lead to
earlier discharge, thereby offering effective relief. This record does not conclusively
demonstrate that appellant has been discharged from all forms of state supervision.
Because it remains possible that appellant continues to face parole or custodial
oversight—and thus remains subject to the sentence under review—effective relief
remains available.

Respondent relies on *People v. DeLeon* (2017) 3 Cal.5th 640.  This opinion does not assist respondent.  In *DeLeon*, the appeal was deemed moot where the defendant had completed both his county jail term and parole supervision, leaving no possibility of effective relief.  (*Id*. at p. 645.)  In contrast, the record here does not establish that appellant has completed all forms of supervision.  Accordingly, *DeLeon* is distinguishable, and we deny respondent's request to dismiss this appeal.

## DISPOSITION

The sentence is vacated, and this matter is remanded for resentencing in conformity with section 1170, subdivision (b), as amended by Senate Bill 567.  On remand, the superior court shall confirm whether appellant remains subject to parole or any other form of state supervision.  If so, the People may elect to retry the factors in aggravation to justify the previously imposed aggravated sentence, or, instead, the People may proceed directly to resentencing.  If the trial court determines that appellant is no longer subject to any form of state supervision, it shall enter an order stating that resentencing is unnecessary, and the matter shall be deemed final.  In all other respects, the judgment is affirmed.